[No. B179975. Second Dist., Div. Four. Mar. 27, 2006.]

JESSE ZUNIGA, Plaintiff and Appellant, v.
LOS ANGELES COUNTY CIVIL SERVICE COMMISSION et al.,
Defendants and Respondents.

COUNSEL

Green & Shinee, John S. Birke, Richard A. Shinee and Elizabeth J. Gibbons for Plaintiff and Appellant.

Law Offices of Hausman & Sosa, Jeffrey M. Hausman and Larry D. Stratton for Defendants and Respondents County of Los Angeles, Los Angeles County Sheriff's Department and Leroy D. Baca.

No appearance for Respondent Los Angeles County Civil Service Commission.

OPINION

**EPSTEIN, P. J.**—This is an appeal from a judgment denying former Los Angeles County Deputy Sheriff Jesse Zuniga's petition for writ of mandate. Zuniga seeks an order directing the Los Angeles County Civil Service Commission (Commission) to vacate its decision sustaining Zuniga's 10-month suspension following his indictment on felony charges, and award him backpay. We find the Commission lacked jurisdiction to hear and decide the appeal because Zuniga resigned from the Los Angeles County Sheriff's Department (Department) before the appeal process was concluded. We therefore affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

Zuniga was charged with grand theft and attempted receipt of stolen property while employed as a deputy sheriff in the Department. The charges arose from an alleged bank credit card and automated teller machine scheme involving county employees. Zuniga was suspended from his position without pay pursuant to Los Angeles County Civil Service Commission Rule 18.01(A) (hereafter Civil Service Rules or Rule), which allows the Department to suspend an employee who has been criminally charged or indicted for a period which "may exceed 30 calendar days and continue until, but not after, the expiration of 30 calendar days after the judgment of conviction or the acquittal of the offense charged in the complaint or indictment has become final."

In April 2001, Zuniga requested a hearing before the Commission to challenge the suspension. The hearing was granted and held in abeyance until the criminal proceedings were concluded. Zuniga retired from the Department on February 12, 2002, after 10 months of suspension. The criminal charges against him were dismissed on February 25, 2002. Zuniga claims the charges were dismissed for lack of evidence, but nothing was cited to us that bears this out.

The hearing was held in July 2002 before a hearing officer. Zuniga argued that, as a matter of due process, he was entitled to a full evidentiary hearing on the underlying charges causing his suspension. To justify the suspension, the Department argued that it was required to prove only that charges were filed against Zuniga. The hearing officer concluded that Zuniga was entitled to backpay because the Department failed to prove that the suspension was an appropriate disciplinary measure without presenting evidence on the underlying charges. The hearing officer recommended to the Commission that Zuniga receive full backpay for the suspension period.

The Commission sustained the suspension without pay, finding that the Department met its burden of demonstrating that Zuniga had been charged with two felonies. It found that a nondisciplinary suspension was appropriate while the criminal charges were pending. Zuniga filed a petition for writ of mandate to the superior court, challenging the Department's decision. The trial court denied the petition and issued a statement of decision upholding the Department's findings.

Zuniga filed a timely notice of appeal.

## DISCUSSION

Zuniga challenges the trial court's denial of his petition for writ of mandamus, arguing that he is entitled to backpay for the suspension period because the Commission did not prove he had committed the felonies with which he was charged. He claims that the Commission violated his due process rights by imposing the suspension without affording him a full evidentiary hearing. Finding the Commission lacked jurisdiction to adjudicate Zuniga's claim after he resigned from the Department, we do not reach the merits of the argument.

A trial court reviews a petition for writ of mandate challenging the validity of a final administrative decision made after a hearing by inquiring whether the agency: "(1) proceeded in excess of its jurisdiction; (2) afforded the petitioner a fair trial, or (3) abused its discretion. Abuse of discretion is established if (1) the agency did not proceed in the manner required by law, (2) the order or decision is not supported by the findings, or (3) the findings are not supported by the evidence. (Code Civ. Proc., § 1094.5, subds. (a), (b).)" (*Davis v. Civil Service Com.* (1997) 55 Cal.App.4th 677, 686 [64 Cal.Rptr.2d 121].) Where a trial court has independently reviewed an administrative agency's factual findings, we apply the substantial evidence test. (*Ibid.*)

■ "A civil service commission created by charter has only the special and limited jurisdiction expressly authorized by the charter. [Citation.]" (*Hunter v. Los Angeles County Civil Service Com.* (2002) 102 Cal.App.4th 191, 194 [124 Cal.Rptr.2d 924].) Section 34 of the Los Angeles County Charter provides that the Commission "shall serve as an appellate body in accordance with the provisions of Sections 35(4) and 35(6) of this article and as provided in the Civil Service Rules. [¶] The Commission shall propose and, after a public hearing, adopt and amend rules to govern its own proceedings." Section 35(4) of the Los Angeles County Charter requires the Board of Supervisors to adopt rules to provide for procedures for appeal of allegations of discrimination.

There is no provision in the charter granting the Commission authority to hear a wage claim brought by a former civil servant. The Civil Service Rules allow the Commission to exercise authority over former employees in only a few limited circumstances. Rule 4.01 grants "[a]ny employee or applicant for employment" the right to "petition for a hearing before the commission who is: [¶] A. Adversely affected by any action or decision of the director of personnel concerning which discrimination is alleged as provided in Rule 25; [¶] B. Adversely affected by any action or decision of the commission made without notice to and opportunity for such person to be heard other than a commission decision denying a petition for hearing; [¶] C. Otherwise entitled to a hearing under the Charter or these Rules." The term "[e]mployee" is defined in Rule 2.24 as "any person holding a position in the classified service of the county. It includes officers."

■ Rule 18.01 allows the county to suspend an employee who has been the subject of a criminal indictment for up to 30 days after a final judgment in the case. A suspended employee may then petition for a hearing pursuant to Rule 4. After the dismissal of criminal charges, the Commission has 30 days to conduct an administrative investigation and determine whether administrative discipline is warranted. (See Rule 18.01(A).)

■ Zuniga requested a hearing on the suspension during his employment, but resigned before the hearing was held. The Commission does not retain jurisdiction over a former employee in these circumstances. Zuniga incorrectly compares his situation to that of employees who have been wrongfully terminated or suspended, over whom the Commission retains jurisdiction. Rule 18.09 governs resignations. It provides that a resignation may not be withdrawn, and may only be appealed if it was "obtained by duress, fraud, or undue influence." A discharged employee also has the right to request a hearing before the Commission. (Rule 18.02(B).) Zuniga does not claim that

he resigned as the result of duress, fraud, or undue influence. Nor was he discharged. There is no provision in the charter or Civil Service Rules giving the Commission authority over an employee who voluntarily resigns without claiming duress, fraud, or undue influence. Without an express grant of such jurisdiction, the Commission lacked authority to investigate the charges and award backpay to Zuniga. (See *Hunter v. Los Angeles County Civil Service Com., supra,* 102 Cal.App.4th at pp. 194–195; *Department of Parks & Recreation v. State Personnel Bd.* (1991) 233 Cal.App.3d 813, 824 [284 Cal.Rptr. 839] [administrative agency has only such powers as are expressly conferred upon it by Constitution or statute].)

In a petition for rehearing, Zuniga argues that he did not "resign," but instead "retired," and that the distinction is significant because the Commission retains jurisdiction in the cases of retirement. We disagree. As we understand the county's system and others like it (e.g., State Personnel Board and the Public Employees' Retirement System), the activating event is separation from service, whether by retirement, resignation, death, or discharge. The point at issue is the jurisdiction of the civil service agency—the Commission. Once a person has separated from service, the Commission has no further jurisdiction except in the limited situations specified in the governing constitutional charter or statutory provisions. As we have discussed, none of these apply in this case. It appears that Zuniga applied for and received retirement from the Board of Retirement of the Los Angeles County Employees Retirement Association, thereby effecting a separation from service. This voluntary separation from service constituted a resignation from employment. (See *Duncan v. Department of Personnel Administration* (2000) 77 Cal.App.4th 1166, 1177–1178 [92 Cal.Rptr.2d 257].)

■ Zuniga contends the Department is barred from raising jurisdiction as a defense because it was not raised in the trial court. While the Department did not use the term "jurisdiction" in its arguments, this concept was argued before the court. In any event, an appellate court may consider lack of jurisdiction even if not raised in the trial court, as it constitutes a pure question of law. (*Inland Empire Health Plan v. Superior Court* (2003) 108 Cal.App.4th 588, 592 [133 Cal.Rptr.2d 735].)

The Department argued to the Commission that it lacked authority to conduct an administrative investigation because Zuniga resigned before it could determine whether he was rightfully suspended. The full record of Commission proceedings was presented to the trial court. Apparently, the court had the issue in mind when it said in its statement of decision that "[d]ue [p]rocess does not require that Petitioner should be rewarded with back pay for retiring before the criminal charges were dismissed, thus precluding the Department from conducting an administrative investigation of Petitioner and possibly imposing administrative discipline."

Zuniga also argues that jurisdiction is not at issue because he was employed by the Department at the time he filed the request for a hearing. Zuniga was a county employee at the time he requested the hearing, but his voluntary resignation left the Commission with no authority over the merits of his case. As we have discussed, the Commission has authority only over current employees, except where the rules provide otherwise. As we also have seen, they do not; Rule 4.01 applies only to those who maintain their employment throughout the administrative process.

We therefore conclude that the trial court acted properly to uphold the Commission's rejection of Zuniga's claim for backpay.

## DISPOSITION

The judgment is affirmed. Respondents are to recover their costs on appeal.

Willhite, J., and Hastings, J.,* concurred.

A petition for a rehearing was denied April 24, 2006, and on April 24, 2006, and April 26, 2006, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied June 21, 2006, S143180.

---

*Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.