Filed 6/22/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JAMES WEISNER,<br><br>     Plaintiff and Appellant,<br><br>          v.<br><br>SANTA CRUZ COUNTY CIVIL<br>SERVICE COMISSION,<br><br>     Defendant and Respondent;<br><br>COUNTY OF SANTA CRUZ<br><br>     Real Party in Interest and<br>     Respondent. | H041850<br>(Santa Cruz County<br>Super. Ct. No. CV179070) |

This appeal arises from the 2008 termination of appellant James Weisner's employment with the County of Santa Cruz (the County). Several years of litigation followed the termination, with Weisner eventually reinstated to his County employment without back pay.

In this appeal, Weisner seeks reversal of a 2014 order denying his petition for administrative writ of mandamus. The writ petition asked the superior court to order the Santa Cruz County Civil Service Commission (the Commission) to award back pay and other benefits as part of the reinstatement of Weisner's County employment. The superior court denied Weisner's writ petition as moot, finding that the Commission lost

jurisdiction to grant relief because Weisner resigned from his reinstated employment with the County. As set forth below, we conclude that the matter is not moot, and we reverse.

<h2>FACTUAL AND PROCEDURAL HISTORY</h2>

For over seven years, Weisner worked as a heavy equipment mechanic at the County's Buena Vista Landfill. At the same time, he owned and operated a construction hauling business. At three different times in 2008, Weisner used County employees and equipment to remove trucks full of construction materials from the landfill. As a result of these incidents, Weisner was investigated by the County. Following the investigations, on May 12, 2008, the County dismissed Weisner for violations of County rules and Public Works Department policies. Weisner appealed his dismissal to the Commission.

In December 2008, the Commission found that there was just cause to terminate Weisner's employment. In April 2009, Weisner filed a petition for writ of mandate that asked the superior court to set aside his termination. The superior court granted Weisner's writ petition, concluding that only two of the Commission's five findings had sufficient evidentiary support, Weisner's termination was excessive punishment, and the Commission's decision to uphold Weisner's termination was an abuse of discretion. The superior court ordered the Commission to rehear evidence and determine appropriate discipline.

The County appealed the superior court's order on the writ petition. This court affirmed the order in September 2011. (*Weisner v. Santa Cruz County Civil Service Commission* (Sept. 6, 2011, H035387) [nonpub. opn.].)

Following a hearing in March 2012, the Commission again upheld the termination of Weisner's employment. Weisner filed a petition for administrative writ of mandamus that asked the superior court to set aside the Commission's decision. On December 12, 2012, the superior court granted Weisner's writ petition. The superior court ordered the Commission to conduct a de novo hearing limited to two charges,

2

unauthorized use of public equipment and engaging in personal business on County time, with "no[] reference" to "any prior hearings in this matter."

After a hearing on January 15, 2014, the Commission found that Weisner had engaged in unauthorized use of public equipment and had conducted personal business on County time. The Commission additionally found that "[t]ermination was not warranted since there was a lack of progressive discipline and this was a first offense of this nature." In a unanimous decision, the Commission reinstated Weisner's employment. The Commission further ordered: "No back pay shall be awarded and the reinstatement of employee shall not include credit towards seniority, accruals, county service or compensation for other County benefits."

On April 22, 2014, Weisner filed a petition for administrative writ of mandamus that asked the superior court to "direct the Commission to order back-pay, accompanying seniority, and all attendant benefits." In the writ petition, Weisner argued: "This Petition seeks to correct an abuse of discretion in that, based on a fair and impartial view of the evidentiary record and the Commission's disciplinary decision holding that Petitioner's termination was unjustified, [the County] did not meet its burden of proof in establishing good cause to deny Petitioner his accrued back-pay and other benefits, which equates to a nearly six-and-a-half-year-long suspension: an unprecedented punishment for admittedly first time offenses, which did not warrant a firing."

On June 23, 2014, Weisner returned to his County employment as a heavy equipment mechanic. Two weeks later, on July 7, 2014, Weisner approached his supervisor, expressed his belief that the terms of his reinstatement had been violated, and stated that his attorney had advised him to leave the workplace and not return. On July 8, 2014 and July 9, 2014, Weisner did not go to work. According to the County's Director of Personnel, Michael McDougall, Weisner telephoned McDougall on July 10, 2014, said he was resigning from County employment, and agreed to provide a

3

written letter of resignation. Weisner never gave McDougall a written letter of resignation. On July 14, 2014, McDougall sent Weisner a letter that stated: "You have been absent from work for the past five working days, and have not contacted the County since our July 10, 2014 telephone conversation. Based upon your lack of contact, and your verbal resignation during our last conversation, it is apparent that you are not interested in continued employment with the County of Santa Cruz. I therefore accept your resignation effective July 10, 2014."

On October 28, 2014, the superior court held a hearing on the petition for administrative writ of mandamus that Weisner had filed on April 22, 2014. In a written order, which was signed on November 7, 2014 and filed on November 13, 2014, the superior court denied the writ petition as moot. In the written order, the superior court explained: "The court finds that Mr. Weisner resigned voluntarily from the County of Santa Cruz in July, 2014. In doing so, the Santa Cruz County Civil Service Commission lost jurisdiction over his appeal proceeding . . . . [¶] The court therefore denies [Weisner's writ petition] as moot."

Weisner now appeals from the order denying his writ petition as moot.

## DISCUSSION

Weisner contends that the order denying his petition for administrative writ of mandamus must be reversed because the superior court erred in determining that the matter was moot. Weisner makes two arguments on appeal. He first contends that the superior court erred in finding that he resigned from County employment in July 2014. He alternatively contends that, even if he did resign, such resignation did not divest the Commission of jurisdiction over his administrative appeal.

The Commission and the County argue that the superior court properly found that Weisner resigned. The Commission and the County further argue that the Commission lost jurisdiction over Weisner's administrative appeal when Weisner resigned.

4

We need not determine whether Weisner resigned in July 2014. As explained below, even if Weisner did resign in July 2014, the Commission did not lose jurisdiction to grant relief to Weisner. The superior court therefore erred in ruling that Weisner's petition for administrative writ of mandamus was moot, and we must reverse.

***Standard of Review***

This appeal presents a question of law, namely whether an employee's resignation from County employment divests the Commission of jurisdiction over that employee's administrative appeal proceeding. We review such questions of law de novo. (*Ramon v. City of Santa Clara* (2009) 173 Cal.App.4th 915, 921.)

***The Commission Did Not Lose Jurisdiction to Grant Relief to Weisner***

In making their arguments regarding the effect of resignation on Commission jurisdiction, the parties rely on civil service rules included in the Santa Cruz County Code and personnel rules articulated in the Personnel Regulations and References of Santa Cruz County (PRRSC).[1] We agree that we must analyze those rules in order to determine whether resignation divests the Commission of jurisdiction. (See *Hughes v. City of San Bernardino* (2016) 244 Cal.App.4th 542, 550 (*Hughes*) [when determining whether resignation divests a civil service commission of jurisdiction, an appellate court will "search the rules applicable to [the employee's] employment"].)

PRRSC section 130(I)(D) is titled "Appeals to the Civil Service Commission." That section specifies that "any affected applicant or employee may appeal an action or decision of the Personnel Director to the Commission on the grounds of his/her failure to observe or properly apply those Sections of the Ordinance Code which comprise the Limited Civil Service System or these Civil Service Rules." (PRRSC § 130(I)(D)(1).)

---

[1] On July 23, 2015, the County requested that we take judicial notice of civil service provisions in the Santa Cruz County Code. We granted that request on September 16, 2015. We now additionally take judicial notice of the personnel rules in the PRRSC. (Evid. Code, §§ 452, subd. (b), 459, subd. (a).)

5

PRRSC section 130(I)(D) requires the "appellant" to submit an appeal form that identifies the specific action being appealed. (PRRSC § 130(I)(D)(3).) PRRSC section 130(I)(D) further provides: "Hearings for appeals shall be scheduled in accordance with County Code Section 3.24.030." (PRRSC § 130(I)(D)(2).)

Santa Cruz County Code section 3.24.030 is titled "Dismissals, suspensions and demotions." Subdivision (A) of that section provides that "[a]ny officer or employee in the classified service may be dismissed, suspended, reduced in compensation or demoted by the appointing authority by a written order, stating specifically the reasons for the action." (Santa Cruz County Code, § 3.24.030, subd. (A).) The right to administratively appeal such an order is articulated in subdivision (B) of Santa Cruz County Code section 3.24.030, which states in pertinent part: "The officer or employee within seven days after presentation to him of the order may appeal . . . to the Civil Service Commission from the order." (Santa Cruz County Code, § 3.24.030, subd. (B).) Subdivision (D) of Santa Cruz County Code section 3.24.030 describes procedures to be followed at the Commission's hearing on an appeal, and it states in relevant part: "The appellant may appear personally, produce evidence, obtain counsel to represent him/her and be entitled to a public hearing." (Santa Cruz County Code, § 3.24.030, subd. (D).) Finally, subdivision (E) of Santa Cruz County Code section 3.24.030 states: "The findings and decision of the Civil Service Commission shall be certified to the department head or officer whose act was the basis for the hearing, and to the appellant, and shall be enforced forthwith and such decision followed by them." (Santa Cruz County Code, § 3.24.030, subd. (E).)

Under PRRSC section 130(I)(D) and Santa Cruz County Code section 3.24.030, a dismissed employee may appeal the dismissal to the Commission. Here, it is undisputed that the Commission had jurisdiction to hear Weisner's administrative appeal when Weisner appealed his dismissal to the Commission in 2008. The petition for administrative writ of mandamus at issue here arose from the 2008 administrative

6

appeal—the writ petition sought an order requiring the Commission to award back pay and other benefits associated with reinstatement when the Commission ultimately found Weisner's dismissal to be unwarranted. Given that the Commission had jurisdiction to hear Weisner's appeal of his dismissal, it would also have jurisdiction to award back pay and other benefits when it determined that Weisner was wrongfully dismissed. (See Santa Cruz County Code, § 3.24.030, subd. (D) [the Commission may revoke an order of dismissal, and the appellant may seek compensation if reinstated].) We fail to see how Weisner's resignation from County employment, which occurred while the writ petition was pending, would divest the Commission of its existing jurisdiction; we have searched the civil service rules in the Santa Cruz County Code and the personnel rules in the PRRSC, and we have found no rule that states that resignation divests the Commission of existing jurisdiction.

The County contends that resignation divests the Commission of jurisdiction because Santa Cruz County Code section 3.24.030 and PRRSC section 130(I)(D) use the word "employee" when describing the individuals who may file an administrative appeal with the Commission. Given the use of the word "employee," the County argues that the Commission has jurisdiction only over those individuals who are currently employed by the County. This argument is unconvincing. Santa Cruz County Code section 3.24.030 and PRRSC section 130(I)(D) also use the word "appellant" when describing those who may appeal to the Commission. (Santa Cruz County Code, § 3.24.030, subds. (D) & (E); PRRSC § 130(I)(D)(3).) The word "appellant" does not have any connotation of current employment. We do not believe that the mere use of the word "employee" in portions of Santa Cruz County Code section 3.24.030 and PRRSC section 130(I)(D) equates to a rule that the Commission loses jurisdiction if an individual resigns after properly initiating an administrative appeal.

*Hughes, supra,* 244 Cal.App.4th 542 is instructive. In *Hughes,* a sheriff's deputy employed by the County of San Bernardino administratively appealed a 15-day suspension, but he missed the scheduled hearing after suffering a heart attack. (*Id.* at p. 544.) He retired for medical reasons, and the San Bernardino Civil Service Commission ruled that it had no jurisdiction to continue with the administrative appeal. (*Ibid*.) On appeal to the Fourth District Court of Appeal, the issue was "whether a [San Bernardino] County employee who pursues an administrative appeal of an adverse personnel action is entitled to complete the appeal process if he resigns or retires before the process is complete, or whether the [San Bernardino Civil Service Commission] loses its prior jurisdiction when an employee resigns or retires." (*Id.* at p. 550.) The Fourth District concluded that the San Bernardino Civil Service Commission does not lose jurisdiction. (*Id.* at pp. 548-554.) The "central" reason for that conclusion was that "[n]owhere do the [County of San Bernardino] Personnel Rules provide that regular classified employees who properly initiate an appeal lose the ability to complete the appeal when they resign or retire, or that the [San Bernardino Civil Service Commission] thereby loses jurisdiction to complete the appeal." (*Id.* at pp. 551, 553.) The Fourth District also noted that it would be unfair to require "an ill, injured or retirement-age employee put at risk his well-being by continuing to work in order to see to completion his administrative appeal of an adverse personnel action." (*Id.* at p. 553.) The Fourth District ultimately held: "Given both the lack of any provision in the [County of San Bernardino] Personnel Rules that deprives the [San Bernardino Civil Service Commission] of jurisdiction over the properly initiated administrative appeal of an employee who later resigns or retires before the appeal is concluded, and the unfairness of implying such a rule in the absence of a specific provision, we conclude that the County here was required to hold an administrative hearing . . . . If a San Bernardino County classified employee with regular status is, at the time of filing an administrative

8

appeal, within the class of persons who may file an appeal, the County [of San Bernardino] has failed to show any grounds in the [County of San Bernardino] Personnel Rules to deny that person a hearing if he or she thereafter resigns or retires." (*Ibid.*)

We believe the holding in *Hughes* is sound and applicable to this case. As in *Hughes*, we have found nothing in the Santa Cruz County Code or the PRRSC that deprives the Commission of jurisdiction over the properly initiated administrative appeal of an employee who later resigns. Moreover, we also see unfairness in holding that resignation divests the Commission of jurisdiction. Weisner fought for several years to obtain reinstatement of his employment. When the Commission ultimately ruled that Weisner was wrongfully terminated and ordered reinstatement, it refused to award Weisner "back pay . . . credit towards seniority, accruals, county service or compensation for other County benefits." It seems inequitable to conclude that Weisner's resignation from his reinstated position—a position that Weisner describes as "inferior to the position he once held"—moots his writ petition that seeks back pay. Weisner's opening brief describes further inequity in adopting a rule that resignation divests the Commission of jurisdiction: "Had the tables been turned, and the Commission awarded Mr. Weisner back-pay for the half-decade that he had been wrongfully fired and displaced from the County, all Mr. Weisner would have had to do to make such an Order unappealable by the County is to resign, even if the County had already filed a Writ of Mandate." Thus, like *Hughes*, we cannot conclude that resignation divests the Commission of jurisdiction to grant relief to Weisner.

Finally, we distinguish the cases relied upon by the County and the Commission. The County and the Commission cite *Zuniga v. Los Angeles County Civil Service Commission* (2006) 137 Cal.App.4th 1255 (*Zuniga*) and *County of Los Angeles Department of Health Services v. Civil Service Commission of the County of Los Angeles* (2009) 180 Cal.App.4th 391 (*Health Services*) for the bright-line proposition that an

9

employee's resignation divests a civil service commission of jurisdiction. Such reliance on *Zuniga* and *Health Services* is unavailing. *Zuniga* and *Health Services* "interpret the Los Angeles County civil service rules to allow the [Los Angeles County Civil Service Commission] to hear administrative appeals from former employees only in very narrow circumstances." (*Hughes, supra,* 244 Cal.App.4th at p. 548.) As Weisner points out, *Zuniga* and *Health Services* "relied on the peculiarities of the completely different Los Angeles County Civil Service Commission Rules" to conclude that an employee's resignation or retirement divests the Los Angeles County Civil Service Commission of jurisdiction. Given that *Zuniga* and *Health Services* interpret the Los Angeles County civil service rules—not the Santa Cruz County civil service rules and personnel rules that are at issue here—*Zuniga* and *Health Services* are not dispositive in this case.

In sum, we conclude that even if Weisner resigned in July 2014, such resignation did not divest the Commission of jurisdiction over his administrative appeal. The superior court therefore erred in concluding that Weisner's writ petition was moot, and we must reverse the order denying the writ petition as moot.

## DISPOSITION

The order denying Weisner's writ petition as moot is reversed. The matter is remanded to the superior court with directions to consider the merits of the writ petition.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
MÁRQUEZ, J.

10

Trial Court:                                    Santa Cruz County Superior Court
                                                Superior Court No.:  CV179070


Trial Judge:                                    The Honorable Paul M. Marigonda


Attorneys for Plaintiff and                     Steven P. Cohn
Appellant James Weisner:

                                                Sean Bothamley


Attorneys for Defendant and                     Thompson, Kontz & Brenner
Respondent Santa Cruz County Civil
Service Commission:                             Thornton Kontz


Attorneys for Real Party In Interest and        Dana McRae,
Respondent                                      County Counsel

                                                Betsy Allen,
                                                Assistant County Counsel


*Weisner v.Santa Cruz County Civil Service Commission*