[No. B189886. Second Dist., Div. Four. June 21, 2007.]

MARGARET BERUMEN, Plaintiff and Appellant, v.
LOS ANGELES COUNTY DEPARTMENT OF HEALTH SERVICES,
Defendant and Respondent.

COUNSEL

Posner & Rosen, Jason C. Marsili and Michael Posner for Plaintiff and Appellant.

Raymond G. Fortner, Jr., County Counsel, Manuel A. Valenzuela, Jr., Principal Deputy County Counsel; Law Offices of Hausman & Sosa, Larry D. Stratton, Vincent C. McGowan and Jeffrey M. Hausman for Defendant and Respondent.

OPINION

**WILLHITE, Acting P. J.—**

## INTRODUCTION

This appeal raises the question whether the Los Angeles County Civil Service Commission (Commission) has jurisdiction to entertain a claim that an employee has been subject to a "constructive" or "de facto" demotion. Based upon the pertinent provisions of the Los Angeles County Charter and Civil Service Rules, we conclude that the Commission lacks jurisdiction to do so. We therefore affirm the judgment denying appellant's petition for a writ of mandate compelling the Commission to hear her claim.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant Margaret Berumen earned degrees in science and health care management. The County of Los Angeles Department of Health Services (the Department) hired appellant in 1979. Since then, she has held a number of positions. In 1995, she was appointed to the civil service position of hospital administrator I at General Hospital at the Los Angeles County + University of Southern California Medical Center (Medical Center). In that capacity, she reported to David Runke, the Medical Center's chief financial officer.

In 1998, the Department hired Roberto Rodriguez as chief executive officer and executive director of the Medical Center. Rodriguez was charged with the responsibility of addressing several critical issues regarding delivery of health care services. In March 2000, following extensive review of the situation (a

review that included meetings with employees such as appellant), Rodriguez restructured the administration of the Medical Center. As a result of the restructuring, appellant lost many of her job assignments and responsibilities. Nonetheless, appellant retained the same job title (hospital administrator I), and same salary, and continued to report to the same individual (Runke).

In September 2000, appellant filed a timely claim with the Commission. She alleged that she had suffered a "de facto" demotion when the Medical Center's operations were reorganized because she had lost significant job responsibilities.[1] The Commission appointed a hearing officer to hear appellant's case. Following nine days of hearings, the hearing officer rendered the finding of fact that because appellant had not been "reduced in pay, grade or rank, the changes were a reassignment and did not constitute a demotion," and the conclusion of law that appellant "was not demoted from the position of Hospital Administrator I."

The Commission amended the hearing officer's conclusion of law to read "In the absence of a Rule 25 violation [the pertinent civil service rule proscribing invidious employment discrimination, set forth, *post,* in footnote 3], the Commission lacks jurisdiction to make a finding of a de facto demotion or to order a remedy for a de facto demotion."

Appellant filed a petition for writ of mandate in the superior court. (Code Civ. Proc., § 1094.5.) She conceded that she retained her job title, received the same salary, and reported to the same person. Nonetheless, she alleged that she had been constructively demoted because she had "been stripped of the duties and responsibilities she previously performed and continues to perform an increasing number of marginal tasks." She alleged that the Commission had the inherent authority to decide a claim of a constructive demotion.

The trial court denied appellant's petition. In a detailed five-page minute order, the trial court explained, in pertinent part:

"[Appellant's claim] has no merit because the civil service rules plainly do not give [her] any right to oppose before the Civil Service Commission a

---

[1] In addition, appellant raised claims relating to two job evaluations she had received after the reorganization and her failure to obtain other positions for which she had applied. Those claims are not before us on this appeal.

change in the duties that are assigned to her if she is not demoted or suspended or fired and if her compensation is not reduced.

"[She] does not contend that she was deprived of some liberty interest or that she was deprived of a remedy suitable to the denial of such an interest. She does not claim that the change in her duties was retaliatory, or discriminatory or that any disciplinary action was taken against her.

"Transfers and reassignments do not implicate a property interest, and [she] makes no contention that she was denied due process of law."

The trial court's judgment recites: "The Court finds *inter alia*, that the Petitioner . . . was not reduced in either rank or grade, and therefore was not demoted within the meaning of the provisions of [the pertinent] Civil Service Rules. . . . The Civil Service Rules do not recognize a direct civil service appeal for a 'de facto demotion,' which by itself does not constitute a 'demotion' under the Civil Service Rules."

## DISCUSSION

Appellant concedes, as she did below, that she has not suffered any reduction in grade or rank. Instead, she contends: "Consistent with the Commission's express authority to ascertain whether or not an employee has suffered a lowering in rank or grade, the Commission has the inherent authority to determine whether an employee performs duties at the level of difficulty and level of responsibility commensurate with her stated rank or grade. Consequently, the Commission has the authority to make a finding of whether or not a de facto demotion has occurred." She therefore asks us to reverse the judgment and direct the trial court to issue a writ to compel the Commission to decide her claim of a "de facto" demotion[2] on its merits. She then "expect[s] the Commission to direct the Department to assign her duties and responsibilities commensurate with her civil service classification."

■ "A civil service commission created by charter has only the special and limited jurisdiction expressly authorized by the charter. [Citation.]" (*Hunter v. Los Angeles County Civil Service Com.* (2002) 102 Cal.App.4th 191, 194–195 [124 Cal.Rptr.2d 924].) ■ Section 34 of the Los Angeles

---

[2] Appellant defines a "de facto" demotion as a situation in which "it becomes clear that an employee holds limited responsibility and performs subordinate duties relative to his or her stated rank or grade."

County Charter provides that the Commission will serve "as an appellate body" to review decisions about, inter alia, the "discharges and reductions of permanent employees" (L.A. County Charter, § 35(6)). Section 35 of the Los Angeles County Charter (the County Charter) requires the board of supervisors to adopt rules for a civil service system. The civil service rules adopted by the Board of Supervisors are codified in the Los Angeles County Code, title 5, appendix 1. (*Shoemaker v. County of Los Angeles* (1995) 37 Cal.App.4th 618, 626, fn. 5 [43 Cal.Rptr.2d 774].)

■ Los Angeles County Civil Service Rules, rule 4.01 sets forth the three limited circumstances in which an employee may seek a hearing before the Commission. Two are not relevant to this case: the employee has been affected by a discriminatory action taken in violation of rule 25[3] or the employee has been adversely affected by a decision of the Commission made without notice or opportunity to be heard. The third circumstance is the only one potentially applicable to this case: the employee is "[o]therwise entitled to a hearing under the charter or these [civil service] Rules." (Rule 4.01(C).) We therefore examine the charter and the rules to see if they entitle appellant to a hearing on her claim of a "de facto" demotion.

■ As noted above, section 35(6) of the County Charter requires the civil service rules to provide for Commission "hearings on appeals of discharges and reductions of permanent employees." Rule 2.17 of the Los Angeles County Civil Service Rules explains that " 'Reduction' and 'demotion' are synonymous." Each is defined as "a lowering in rank or grade." (L.A. County Civ. Service Rules, rule 2.17 [demotion]; L.A. County Civ. Service Rules, rule 2.49 [reduction].) Grade "as it pertains to classification, means one salary range." (L.A. County Civ. Service Rules, rule 2.27.) Rank "as it pertains to classification, means the level of difficulty and responsibility of a class." (L.A. County Civ. Service Rules, rule 2.46.) A permanent employee who has been reduced in grade

---

[3] Los Angeles County Civil Service Rules, rule 25.01(A) provides, in full: "No person in the classified service or seeking admission thereto shall be appointed, reduced or removed, or in any way favored or discriminated against in employment or opportunity for employment because of race, color, religion, sex, physical handicap, medical condition, marital status, age, national origin or citizenship, ancestry, political opinions or affiliations, organizational membership or affiliation, or other non-merit factors, any of which are not substantially related to successful performance of the duties of the position. 'Non-merit factors' are those factors that relate exclusively to a personal or social characteristic or trait and are not substantially related to successful performance of the duties of the position. Any person who appeals alleging discrimination based on a non-merit factor must name the specific non-merit factor(s) on which discrimination is alleged to be based. No hearing shall be granted nor evidence heard relative to discrimination based on unspecified non-merit factors."

or compensation (e.g., has been demoted) may appeal that decision to the Commission. (L.A. County Civ. Service Rules, rule 18.02.) In contrast, rule 15.01 provides for managerial discretion in assigning employees to different positions within their class. It reads: "The assignment of . . . an employee from one position to another, within the class and department for which the . . . employee has been certified by the director of personnel . . . is *a matter of departmental administration* . . . ." (L.A. County Civ. Service Rules, rule 15.01, italics added.)

■ The clear language of these rules refutes appellant's position that the rules "do not make a distinction between actual and constructive demotion." Demotion is defined as a reduction in grade or rank, nothing more and nothing less. If an employee has been demoted within the meaning of the rules, an appeal to the Commission may be taken. Appeal on any other ground, such as appellant's claim that she has suffered a "de facto" or "constructive" demotion because she has lost many of her job responsibilities, is simply not authorized by the civil service rules. Consequently, the Commission had no jurisdiction to adjudicate appellant's claim. The trial court therefore properly denied appellant's petition to issue a writ compelling the Commission to decide her claim. (See *Shoemaker v. County of Los Angeles, supra,* 37 Cal.App.4th at pp. 626–628 [a doctor who is removed as department head and given a different assignment but suffers no reduction in grade or pay does not have a legitimate claim under civil service rules] and *Weisbuch v. County of Los Angeles* (9th Cir. 1997) 119 F.3d 778, 780–781 [a reassigned managerial or supervisory county employee who keeps the same grade and pay has no property right to his prior position].)

Appellant's contrary arguments are not persuasive.

Appellant first relies upon cases that have held that a reassignment that results in significantly diminished responsibilities can be considered an adverse employment action and therefore actionable. This reliance is misplaced. Those cases dealt with a lawsuit predicated upon a violation of the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.) or equivalent federal law. Plaintiff has never relied upon those statutory schemes, either in her appeal to the Commission or her superior court action. Her sole contention has been that she has suffered a "constructive" or "de facto" demotion and that the Commission has jurisdiction to evaluate that claim.

Appellant next relies upon two civil service rules to support her jurisdictional argument.

First, she cites Los Angeles County Civil Service Rules, rule 1.02. She claims that the rule gives the Commission "the exclusive right . . . to assign the work to be performed by each department," including the right "to direct the Department to assign her duties and responsibilities commensurate with her civil service classification." Appellant misreads rule 1.02,[4] the complete text of which is set forth below in footnote 4. The rule does not refer to the Commission. Instead, the rule, in substance, empowers the county, through its departments, to make those decisions.

Next, appellant cites Los Angeles County Civil Service Rules, rule 2.17. It provides that "for other than disciplinary reasons an employee may be temporarily assigned the duties of a lower rank to avoid layoff of the employee. Reasonable efforts shall be made to limit the term of such temporary assignment, and in no event shall the assignment exceed one year except through mutual consent of the employee and the appointing authority." (L.A. County Civ. Service Rules, rule 2.17.) Noting that her duties and responsibilities were taken away in 2000 and that she has not consented to her present work allocation, appellant claims that the Department has violated rule 2.17. This argument cannot be reached on this appeal for two reasons. First, it does not appear that a complaint about duration of a temporary assignment is the proper subject matter of an appeal to the Commission. (See L.A. County Civ. Service Rules, rule 4.01.) Instead, a complaint would have to be lodged with the director of personnel. (L.A. County Civ. Service Rules, rule 15.04 (A) ["An employee may appeal an assignment, interdepartmental transfer or change in classification to the director of personnel"].) Second, appellant did not pursue this theory at the administrative hearing. Consequently, its factual predicates were never established. That is, the issue whether appellant had been assigned "the duties of a lower rank to avoid

---

[4] Los Angeles County Civil Service Rules, rule 1.02 reads: "These Rules are prescribed for the purpose of carrying out the Charter provisions, of assuring the continuance of the merit system, of promoting efficiency in the dispatch of public business, and of assuring all employees in the classified service of fair and impartial treatment at all times subject to Merit System Standards and appeal rights as set forth in these Rules. To these ends, *the county will exercise its exclusive right to determine the mission of each of its departments*, districts, boards and commissions, *and the assignment of work to be performed, transfer and reassignment of employees*, the right to hire or rehire, to properly classify employees, to promote or demote employees, to layout and recall employees, to discipline and discharge employees, and *to determine the methods, means and personnel by which the county's operations are to be conducted*." (Italics added.)

[her] layoff" was not raised and was not litigated. The hearing officer made no findings in that regard.[5] Appellant has therefore forfeited this claim.[6]

Lastly, appellant argues that if the Commission lacks jurisdiction to adjudicate her claim of "de facto" demotion, she has no remedy. She argues that the Department will be able to "instruct her to clean the toilets, vacuum the carpets, and take out the trash" and she will be powerless to complain "so long as she retain[s] the same title and receive[s] the same wage." The argument misses the mark. "Commission jurisdiction must be based on express authority in the charter, not on the absence of any other designated forum." (*Hunter v. Los Angeles County Civil Service Com., supra*, 102 Cal.App.4th at p. 197; see also *Zuniga v. Los Angeles County Civil Service Com.* (2006) 137 Cal.App.4th 1255, 1260 [40 Cal.Rptr.3d 863] [without an *express* grant of jurisdiction, the Commission lacks authority to investigate a claim and provide a remedy].) Moreover, appellant does have a remedy. As noted earlier, Los Angeles County Civil Service Rules, rule 15.04 provides: "An employee may appeal an assignment, interdepartmental transfer or change in classification to the director of personnel."[7] Appellant has never pursued that avenue.[8]

---

[5] The portion of the hearing officer's decision quoted by appellant does not support her implicit claim that the hearing officer reached this issue. The hearing officer simply observed, in what he characterized as a "caveat/warning," that "although I cannot find that [appellant] was demoted, there will reach a point where the issue regarding her status *may* have to be revisited. I believe that [appellant's] current situation is the product of reorganization. But in a Department the size of Health Services, which appears to have a fairly steady turnover rate in upper management, full time employment opportunities will undoubtedly come along. If [appellant] is not considered for and given such a position within the next year, she *might* be able to claim that her continued underutilization constitutes punishment." (Italics added.) The hearing officer then concluded, in two sentences omitted from appellant's quote of his decision: "Nothing in this opinion should be read to preclude a claim by [her], should her situation continue, that her status is no longer the simple by-product of reorganization but is, instead, unfounded discipline. However, to succeed in such a claim, [she] will have to show that she did not unreasonably reject suitable offers."

[6] In the trial court, appellant raised this theory for the first time in her reply brief. The trial court wrote: "[Rule 2.17] does not entitle her to any relief. There is nothing in that rule that in any way says or implies that [she] must be restored to a position of the stature that she previously held if she does not qualify for such a position, and she does not contend that that was unfairly tested for the alternate positions for which she applied. [See fn. 1, *ante*.] [¶] . . . [She] makes no showing that her employer has not made reasonable efforts to limit the term of her temporary assignment, and she makes no showing that she has refused to accept her present assignment and insisted upon being laid off, as she is permitted to do by Rule 2.17."

[7] Pursuant to designation by the board of supervisors, the chief administrative officer functions as the director of personnel. (*Shoemaker v. County of Los Angeles, supra*, 37 Cal.App.4th at p. 628, fn. 9.)

[8] The trial court found that appellant made "no showing that she has sought such an appeal or that it has been denied to her."

## DISPOSITION

The judgment is affirmed.

Manella, J., and Suzukawa, J., concurred.