Filed 5/12/15; first mod. order filed 4/30/15 and unmodified opn. attached

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| PETER MONSIVAIZ,<br><br>               Plaintiff and Appellant,<br><br>    v.<br><br>CIVIL SERVICE COMMISSION OF THE COUNTY OF LOS ANGELES,<br><br>               Defendant;<br><br>COUNTY OF LOS ANGELES DEPARTMENT OF AGRICULTURAL COMMISSIONER/WEIGHTS AND MEASURES,<br><br>               Real Party in Interest and Respondent. | B254859<br><br>(Los Angeles County<br> Super. Ct. No. BS136555)<br><br><br><br>**ORDER MODIFYING OPINION**<br><br>**[NO CHANGE IN JUDGMENT]** |

THE COURT:

It is ordered that the opinion filed herein April 28, 2015, as modified on April 30, 2015, is further modified so that item No. 6 of the April 30 order reads as follows:

6. At page 2, last paragraph, fourth sentence beginning with "The Commission did not dispute . . ." is deleted and replaced with:

The County did not dispute that plaintiff's widow was the proper successor in interest, only that there was no surviving action for her to maintain on behalf of her deceased husband.

There is no change in the judgment.

_____

RUBIN, Acting P. J.                    FLIER, J.                    GRIMES, J.

Filed 4/30/15 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| PETER MONSIVAIZ,<br><br>               Plaintiff and Appellant,<br><br>     v.<br><br>CIVIL SERVICE COMMISSION OF THE COUNTY OF LOS ANGELES,<br><br>               Defendant;<br><br>COUNTY OF LOS ANGELES DEPARTMENT OF AGRICULTURAL COMMISSIONER/WEIGHTS AND MEASURES,<br><br>          Real Party in Interest and Respondent. | B254859<br><br>(Los Angeles County<br> Super. Ct. No. BS136555)<br><br><br>**ORDER MODIFYING<br>THE OPINION**<br><br>**[CHANGE IN JUDGMENT]** |

THE COURT:

      The opinion in the above-entitled matter filed on April 28, 2015, is modified as follows:

1. In the caption, delete "and Respondent" as party designation for Civil Service Commission of the County of Los Angeles and add it after the "Real Party in Interest" designation for the County of Los Angeles Department of Agricultural Commissioner/Weights and Measures.

2. Under the counsel listing for McMillion & Hirtensteiner, delete "Defendant" and replace it with: Real Party in Interest.

3. At page 2, first full paragraph, first sentence, lines 2 and 3, delete "and respondent."

4. At page 2, second paragraph of the Factual and Procedural Background, delete the first sentence beginning with "Plaintiff was employed as an agricultural inspector aid . . ." and replace with:

   Plaintiff was employed as an agricultural inspector aid by real party in interest and respondent County of Los Angeles Department of Agricultural Commissioner/Weights and Measures (County).

5. At page 2, last paragraph, delete the third sentence beginning with "The Commission opposed the motion . . ." and replace with:

   The County appeared as real party in interest to oppose the motion, arguing the writ proceeding abated and did not survive the death of plaintiff and that the proceeding had to be dismissed for lack of jurisdiction.

6. At page 3, line 1, delete "Commission" and replace it with: County

7. At page 3, first paragraph under the Discussion, second sentence, delete the phrase "by the Commission" after the word "cited."

8. At page 7, under the Disposition, delete the second sentence beginning with "Defendant and respondent Civil Service Commission . . ." and replace with:

   Real party in interest and respondent County of Los Angeles Department of Agricultural Commissioner/Weights and Measures shall recover costs on appeal.

There is a change in the judgment.

_____

RUBIN, Acting P. J.          FLIER, J.          GRIMES, J.

2

Filed 4/28/15 (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| PETER MONSIVAIZ, | B254859 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BS136555) |
| v. | |
| LOS ANGELES COUNTY CIVIL SERVICE COMMISSION, | |
| Defendant and Respondent; | |
| COUNTY OF LOS ANGELES DEPARTMENT OF AGRICULTURAL COMMISSIONER/WEIGHTS AND MEASURES, | |
| Real Party in Interest. | |

APPEAL from an order of the Superior Court of Los Angeles County. Luis A. Lavin, Judge. Affirmed.

Law Office of Esteban Lizardo and Esteban Lizardo for Plaintiff and Appellant.

McMillion & Hirtensteiner, Janine McMillion and Sylvia Havens for Defendant and Respondent.

\* \* \* \* \* \* \* \* \* \*

The sole question presented is whether the death of plaintiff and appellant Peter Monsivaiz during the pendency of the underlying writ proceeding divested defendant and respondent Civil Service Commission of the County of Los Angeles (Commission) of jurisdiction, thereby mandating a dismissal of plaintiff's writ proceeding. We conclude that it did, and therefore affirm the court's order dismissing the writ proceeding with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

We summarize only those facts germane to the narrow issue presented, and those facts are undisputed by the parties.

Plaintiff was employed as an agricultural inspector aid by real party in interest County of Los Angeles Department of Agricultural Commissioner/Weights and Measures. Plaintiff was terminated from his position on February 18, 2010. Plaintiff appealed his discharge to the Commission.

Following a hearing that took place over a period of days, the hearing officer issued his decision recommending that plaintiff's discharge be upheld. On December 14, 2011, the Commission issued its final order and decision adopting the hearing officer's recommendation and sustaining real party in interest's discharge of plaintiff.

On March 13, 2012, plaintiff filed a petition for writ of mandate pursuant to Code of Civil Procedure sections 1094.5 and 1094.6 contesting the Commission's final order and decision. Plaintiff's writ petition sought an order from the superior court directing the Commission to set aside its decision, to reinstate plaintiff to his former position as an agricultural inspector aid, and to award plaintiff backpay.

On January 16, 2013, plaintiff died while the writ proceeding was still pending. Plaintiff's widow, Corina Monsivaiz, filed a motion pursuant to Code of Civil Procedure section 377.31 for an order deeming her plaintiff's legal successor in interest and allowing her to maintain the writ proceeding through to completion. The Commission opposed the motion, arguing the writ proceeding abated and did not survive the death of plaintiff and that the proceeding had to be dismissed for lack of jurisdiction. The Commission did not dispute that plaintiff's widow was the proper successor in interest,

2

only that there was no surviving action for her to maintain on behalf of her deceased husband.

On November 26, 2013, the court denied plaintiff's widow's motion on the grounds the Commission, in light of plaintiff's death, lacked jurisdiction to enforce any order the superior court could issue in the writ proceeding. The court found there was no action with which plaintiff's widow could proceed as successor in interest to plaintiff. The court therefore set an order to show cause regarding dismissal. Plaintiff's widow submitted written opposition arguing the same contentions raised in this appeal, in essence urging that the Commission retains jurisdiction to resolve other issues related to plaintiff's termination and therefore the writ proceeding should continue.

On December 31, 2013, the court issued its written order dismissing plaintiff's writ proceeding with prejudice on the grounds plaintiff was deceased and "the court lack[ed] any jurisdiction to continue."

This appeal, filed on behalf of plaintiff and plaintiff's widow as the proposed successor in interest, followed.

**DISCUSSION**

The crux of this appeal concerns the jurisdiction of the Commission and its impact on the viability of plaintiff's writ proceeding following his death. In concluding that the Commission was divested of jurisdiction upon plaintiff's death, the trial court relied in large part on two cases cited by the Commission in opposition to plaintiff's widow's motion to maintain the writ proceeding as plaintiff's successor in interest: *Zuniga v. Los Angeles County Civil Service Commission* (2006) 137 Cal.App.4th 1255 (*Zuniga*) and *County of Los Angeles Department of Health Services v. Civil Service Commission* (2009) 180 Cal.App.4th 391 (*Latham*).

In *Zuniga*, a deputy sheriff with the Los Angeles County Sheriff's Department was suspended from his position after several criminal charges were filed against him. (*Zuniga*, *supra*, 137 Cal.App.4th at p. 1257.) The deputy requested a hearing before the Commission, but before the hearing was held, the deputy voluntarily retired from service. (*Ibid*.) Thereafter, the hearing was held and the Commission sustained the deputy's

3

suspension without pay.  (*Id.* at p. 1258.)  In a writ of mandate filed in the superior court, the deputy challenged the Commission's decision.  The court denied the deputy's petition and the reviewing court affirmed the denial, concluding the Commission did not have jurisdiction to consider a former employee's claim for what had become, in light of the voluntary retirement, just a claim for back wages.  (*Id.* at pp. 1259-1260.)

Three years later in *Latham*, the court considered the denial of another county employee's writ petition.  There, a nurse employed by the County of Los Angeles Department of Health Services appealed both a suspension and her ultimate discharge to the Commission.  (*Latham*, *supra*, 180 Cal.App.4th at pp. 394-395.)  While her civil service appeal was pending, the nurse voluntarily retired.  (*Id.* at p. 395.)  Following *Zuniga*, the reviewing court affirmed the denial of her writ petition, explaining that "where an employee retires during the pendency of a civil service appeal, her future status as an employee by definition is no longer at issue.  The then pending appeal becomes a 'wage claim brought by a former civil servant,' and under *Zuniga* the Commission has no jurisdiction over such a wage claim because neither the charter nor Civil Service Rules vest such jurisdiction.  (*Zuniga*, *supra*, 137 Cal.App.4th at p. 1259.)  In short, the Commission has authority to address only matters involving a member of the civil service, and a person who has retired is no longer a member of the civil service." (*Latham*, *supra*, at p. 401.)

In arguing that plaintiff's claim did not abate upon his death, plaintiff's widow argues that *Zuniga* and *Latham* are not factually on point because neither case involved the death of the employee.  Plaintiff's widow argues that plaintiff's death is not equivalent to the voluntary acts of resigning or retiring from county employment.  She further urges there are other issues to be resolved by the petition beyond backpay, such as rectifying the workplace conditions of which plaintiff had complained and which allegedly contributed to his discharge.  We are not persuaded.

The Commission's jurisdiction derives from the Charter of the County of Los Angeles.  "*A civil service commission created by charter has only the special and limited jurisdiction expressly authorized by the charter*.  [Citation.]  Section 34 of the Los

4

Angeles County Charter provides that the Commission 'shall serve as an appellate body in accordance with the provisions of Sections 35(4) and 35(6) of this article and as provided in the Civil Service Rules. [¶] The Commission shall propose and, after a public hearing, adopt and amend rules to govern its own proceedings.' [¶] Section 35(4) of the charter requires the Commission to adopt rules (approved by the board of supervisors) to provide for 'Procedures for appeal of allegations of political discrimination and of discrimination based on race, sex, color, national origin, religious opinions or affiliations or handicap made by County employees, regardless of status, and by applicants for employment.' Section 35(6) of the charter requires that the rules provide for 'Civil Service Commission hearings on appeals of discharges and reductions of permanent employees.' " (*Hunter v. Los Angeles County Civil Service Commission* (2002) 102 Cal.App.4th 191, 194-195 (*Hunter*), italics added.)

Thus, the Commission has authority to act as an appellate body in very narrow circumstances related to appeals by employees (or applicants for employment) of discrimination claims, or appeals by employees regarding "discharges and reductions." Under the Commission's rules (codified in the Los Angeles County Municipal Code, title 5, appendix 1), rule 2.24 defines employee as "any person holding a position in the classified service of the county. It includes officers." A deceased former employee does not fit within the description of "employee" under the Commission's rules. Other courts that have considered the issue have, like *Zuniga* and *Latham*, construed the Commission's jurisdiction narrowly, even when involving current employees. (See, e.g., *Berumen v. Los Angeles County Dept. of Health Services* (2007) 152 Cal.App.4th 372, 378 [finding Commission lacked jurisdiction to consider employee's appeal of "constructive" demotion]; *Hunter*, *supra*, 102 Cal.App.4th at p. 192 [Commission lacked authority to consider appeal from employee for alleged failure to promote under the Public Safety Officers' Procedural Bill of Rights].)

At the time his civil service appeal was filed, plaintiff was a discharged employee entitled to bring an appeal before the Commission regarding his discharge in accordance with section 35(6) of the Charter of the County of Los Angeles. However, plaintiff's

5

death during the pendency of the underlying writ proceeding terminated his status as an employee with the ability to be restored to service by act of the Commission. Plaintiff's widow does not cite to any provision of the Charter of the County of Los Angeles or any of the Commission's civil service rules that would support the jurisdiction of the Commission to hear an appeal by the representative of a deceased former employee. Nor has our research disclosed any such provision.

The logic of *Zuniga* and *Latham* applies with equal force here. Even more than the voluntary act of retiring or resigning from service, the death of a former employee prevents restoration of employment with the county. And, the Commission can only resolve a claim for backpay in connection with the restoration of an employee to service. (*Zuniga*, *supra*, 137 Cal.App.4th at p. 1259.) Moreover, plaintiff's widow cites to no authority the Commission has jurisdiction to consider generalized claims of poor work conditions related to the work environment of a deceased former employee who cannot be restored to service. Absent an express grant of jurisdiction, the Commission cannot address the "other" issues raised by plaintiff's widow. Nothing remains for resolution in plaintiff's writ petition within the jurisdiction of the Commission in light of plaintiff's death.

We are not persuaded either of the two cases cited by plaintiff's widow compel a different result here. In *Hall-Villareal v. City of Fresno* (2011) 196 Cal.App.4th 24, the reviewing court declined to read *Zuniga* and *Latham* as creating a bright-line rule. Rather, the court determined the public employee there, who had been discharged from service, was entitled to maintain her appeal despite the fact she had applied for retirement benefits. (*Hall,* at p. 33.) In so finding, the court noted the public employer there (the City of Fresno) had not demonstrated the city charter or civil service rules dictated a similar result to *Zuniga* and *Latham*. (*Hall,* at p. 33.)

And, in *Hudson v. County of Los Angeles* (2014) 232 Cal.App.4th 392, the reviewing court distinguished *Zuniga* and *Latham* given the unique, and somewhat tortured, factual chronology involved there. *Hudson* concerned the civil service appeal of a discharged deputy sheriff who, during the pendency of her appeal, was placed on

6

"statutorily mandated" disability retirement by her employer, not by her own choice. (*Hudson,* at p. 413.)  The record before the Commission demonstrated the former deputy had since been cleared for full duty by a physician, and the hearing officer had determined the deputy's discharge had been unjustified.  *Hudson* concluded, given the factual record there, that the former deputy's disability retirement did not equate with an "unequivocal intention" to sever her employment with the county, unlike the voluntary retirements at issue in *Zuniga* and *Latham*, and should not result in her discharge being immunized from review by the Commission.  (*Hudson,* at p. 413.)

Because of plaintiff's death, he could not be restored to service, nor could the Commission resolve his claim for backpay.  There was no act the superior court could mandate the Commission to perform that was within its authority to undertake.  The writ petition was therefore properly dismissed.

## DISPOSITION

The order of dismissal is affirmed.  Defendant and respondent Civil Service Commission of the County of Los Angeles shall recover costs on appeal.

GRIMES, J.

WE CONCUR:

RUBIN, Acting P. J.

FLIER, J.

7