Filed 4/28/23 Thompson v. Los Angeles County Civil etc. CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JANELLE THOMPSON,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>LOS ANGELES COUNTY CIVIL SERVICE COMMISSION, et al.,<br><br>Defendants and Respondents. | B317647<br><br>(Los Angeles County<br>Super. Ct. No. 19STCP00922) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mitchell Beckloff, Judge. Affirmed.

Law Offices of Charles Goldwasser and Charles A. Goldwasser, for Plaintiff and Appellant.

Hausman & Sosa, Jeffery M. Hausman and Larry D. Stratton, for Defendants and Respondents.

The Los Angeles County Sheriff's Department (Department) suspended, and later discharged, appellant Janelle Thompson from her position as a deputy sheriff. Thompson appealed both her suspension and discharge to the Los Angeles County Civil Service Commission (Commission), but later withdrew her discharge appeal.

The Department then asked the Commission to dismiss Thompson's suspension appeal, relying primarily on *Zuniga v. Los Angeles County Civil Service Com.* (2006) 137 Cal.App.4th 1255 (*Zuniga*) and related cases. *Zuniga* held that the Commission lost jurisdiction over the suspension appeal of an employee who retired before the conclusion of Commission proceedings, reasoning in part that "[t]here is no provision in the [Los Angeles County] charter granting the Commission authority to hear a wage claim brought by a former civil servant." (*Id.* at pp. 1259–1260.) Well over a decade later, its holding stands as a " 'bright-line proposition.' " (*Deiro v. Los Angeles County Civil Service Com.* (2020) 56 Cal.App.5th 925, 930 (*Deiro*).)

The Commission dismissed Thompson's suspension appeal, and she filed a petition for writ of mandate challenging the Commission's decision. The trial court denied her petition. On appeal, Thompson contends that *Zuniga* was wrongly decided and that we should revisit its holding.

As described below, we adhere to *Zuniga* and the cases following it and agree that once Thompson withdrew her discharge appeal, the Commission lost jurisdiction over her suspension appeal. We thus affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

## I.    Background

The material facts underlying this case are not in dispute. Thompson was a deputy sheriff with the Department.  In April 2013, a federal grand jury indicted Thompson for conspiring to defraud and defrauding the Department of Housing and Urban Development (HUD).

Two months later, the Department suspended Thompson without pay based on the criminal charges.  The Department's notice of suspension cited Los Angeles County Civil Service Rule 18.01, which authorizes a suspension and provides that where the basis of a suspension is a "criminal complaint or indictment filed against [an] employee, the period of suspension may exceed 30 calendar days and continue until, but not after, the expiration of 30 calendar days after the judgment of conviction or the acquittal of the offense charged in the complaint or indictment has become final." (L.A. County Civil Service Rules, rule 18.01.)[1] Thompson appealed her suspension to the Commission.  The Commission held that appeal in abeyance.

Then, in March 2015, the Department discharged Thompson.  According to the discharge notice, in February 2014, Thompson pled guilty to four misdemeanor counts of defrauding HUD and was placed on probation.  Based on its investigation of the same conduct at issue in the criminal case, the Department concluded that Thompson had violated various Department rules and regulations.  Thompson appealed her discharge to the

---

[1]    All subsequent undesignated references to Rule refer to Los Angeles County Civil Service Rules, codified at Appendix 1 of Title 5 of the Los Angeles County Municipal Code.

Commission. The Commission later consolidated Thompson's discharge appeal with her suspension appeal.

## II. Commission proceedings

In November 2015, Thompson withdrew her discharge appeal. According to her writ petition, Thompson "was required to sever her employment" with the Department to satisfy a term of the plea agreement in the criminal case, and did so by withdrawing her appeal of the discharge.

In her letter to the Commission withdrawing the appeal, Thompson acknowledged that "she was convicted of four misdemeanor counts as alleged in the notice of discharge," but "denie[d] any other wrongdoing." Thompson further stated that she "wishe[d] to proceed with the appeal of" her suspension.

The Commission granted Thompson's request to withdraw her discharge appeal in February 2016. Shortly thereafter, the Department moved to dismiss Thompson's remaining suspension appeal. Citing *Zuniga* and related cases, the Department argued that the Commission lacked jurisdiction over Thompson's suspension appeal because she was no longer an employee and sought only a backpay remedy.

Thompson opposed the Department's motion. She contended that *Zuniga* was wrongly decided, and further, that she was entitled to a hearing as a matter of due process.

The Commission dismissed Thompson's suspension appeal at its meeting in March 2016. Its notice of decision stated that the Commission granted the Department's motion to dismiss Thompson's appeal "due to lack of jurisdiction."

4

### III. Writ proceedings

In March 2019, Thompson filed a petition for writ of mandate against the Commission and the Department pursuant to Code of Civil Procedure section 1085 challenging the Commission's dismissal of her suspension appeal. She sought "an order . . . compelling the Commission to grant her right under the law to appeal the suspension and loss of pay."

The Department opposed the petition, again relying on *Zuniga* and related cases.

The trial court denied Thompson's writ of mandate. Construing her petition as a writ of administrative mandate under Code of Civil Procedure section 1094.5 and applying de novo review, the trial court determined that the Commission properly dismissed her appeal. The court concluded that it was bound "by the clear line of authority on the issue from the Courts of Appeal," i.e., *Zuniga* and cases following it. It therefore held that "after [Thompson] withdrew the appeal of her discharge from the Department, she lost her status as an employee," and that her "status as a non-employee thereafter deprived the Commission of any jurisdiction to consider the appeal of her [Rule] 18.01 suspension." The trial court thereafter entered judgment against Thompson.

Thompson timely appealed.

## DISCUSSION

On appeal, Thompson contends *Zuniga* was wrongly decided and urges us to conclude the Commission erred in dismissing her suspension appeal. After discussing *Zuniga* and related precedent, we explain why we adhere to *Zuniga*.

5

## I.    Standard of review

Code of Civil Procedure section 1094.5 establishes the scope of a court's inquiry when a party seeks a writ of administrative mandate:  "The inquiry in such a case shall extend to the questions whether the respondent has proceeded without, or in excess of, jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion.  Abuse of discretion is established if the respondent has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence."  (Code Civ. Proc., § 1094.5, subd. (b).)

The material facts here are undisputed.  The only issue is whether the Commission retained jurisdiction to decide Thompson's suspension appeal after she withdrew her discharge appeal.  "Lack of jurisdiction 'constitutes a pure question of law' [citation], and so our review is de novo."  (*Deiro, supra,* 56 Cal.App.5th at p. 929 [applying de novo review in action under Code of Civil Procedure section 1085 where "[t]he only issue is whether the commission retained jurisdiction to decide plaintiff's appeal after he retired"]; *Hi-Desert Medical Center v. Douglas* (2015) 239 Cal.App.4th 717, 730 [" 'As to questions of law, appellate courts perform essentially the same function as trial courts in an administrative mandate proceeding, and the trial court's conclusions of law are reviewed de novo.' "].)

## II.    *Zuniga* and related cases

In *Zuniga,* a deputy sheriff of Los Angeles County was suspended without pay pursuant to Rule 18.01 after being charged with grand theft and attempted receipt of stolen property.  (*Zuniga, supra,* 137 Cal.App.4th at p. 1257.)  He

6

appealed the suspension to the Los Angeles County Civil Service Commission, which granted a hearing but held the appeal in abeyance pending conclusion of the criminal proceedings. (*Ibid*.) The deputy retired during the pendency of commission proceedings. (*Id*. at p. 1258.) The commission thereafter sustained the deputy's suspension, and the trial court denied his petition for writ of mandate challenging the suspension. (*Ibid*.)

On appeal, the Court of Appeal held that the commission lacked jurisdiction to adjudicate the deputy's claim once he resigned from the sheriff's department. (*Zuniga, supra*, 137 Cal.App.4th at p. 1258.) It emphasized that " '[a] civil service commission created by charter has only the special and limited jurisdiction expressly authorized by the charter.' " (*Id*. at p. 1259.) The court then analyzed several charter provisions: "Section 34 of the Los Angeles County Charter provides that the Commission 'shall serve as an appellate body in accordance with the provisions of Sections 35(4) and 35(6) of this article and as provided in the Civil Service Rules. [¶] The Commission shall propose and, after a public hearing, adopt and amend rules to govern its own proceedings.' Section 35(4) of the Los Angeles County Charter requires the Board of Supervisors to adopt rules to provide for procedures for appeal of allegations of discrimination. Section 35(6) of the Los Angeles County Charter requires that the rules provide for 'Civil Service Commission hearings on appeals of discharges and reductions of permanent employees.' " (*Ibid*.)

Based on its examination of these charter provisions, the court concluded that "[t]here is no provision in the charter granting the Commission authority to hear a wage claim brought by a former civil servant." (*Zuniga, supra*, 137 Cal.App.4th at

7

p. 1259.)  The court likewise found that the applicable civil service rules "allow the Commission to exercise authority over former employees in only a few limited circumstances" that were inapplicable.  (*Ibid*.)  It then held as follows:  "Zuniga requested a hearing on the suspension during his employment, but resigned before the hearing was held.  The Commission does not retain jurisdiction over a former employee in these circumstances."  (*Ibid*.)  Moreover, the court denied the deputy's petition for rehearing, which clarified that he had retired, not resigned.  (*Id*. at p. 1260.)  The court found the distinction immaterial, stressing that "[o]nce a person has separated from service, the Commission has no further jurisdiction except in the limited situations specified in the governing constitutional charter or statutory provisions."  (*Ibid*.)

Following *Zuniga*, cases have applied its holding in similar circumstances.  For example, in *County of Los Angeles Dept. of Health Services v. Civil Service Com. of County of Los Angeles* (2009) 180 Cal.App.4th 391 (*Latham*), the court held that the Los Angeles County Civil Service Commission lost jurisdiction over the appeal of a Los Angeles County Department of Health Services employee who retired during the pendency of commission proceedings.  Like the present case, the employee was suspended and later discharged and appealed both actions to the commission.  (*Id*. at p. 394.)  Although the employee retired before commission proceedings concluded, the commission did not dismiss the employee's appeals.  (*Id*. at p. 395.)

On appeal from the trial court's grant of a writ of mandate ordering the commission to vacate its decision, the employee argued that her retirement "did not eliminate her claims that she should have kept her job, and therefore should have been paid

8

from . . . when the Department discharged her, to . . . when she took her retirement." (*Latham, supra,* 180 Cal.App.4th at p. 397.) The Court of Appeal concluded as follows: "*Zuniga* stands for the bright-line proposition that, where an employee retires during the pendency of a civil service appeal, her future status as an employee by definition is no longer at issue. The then pending appeal becomes a 'wage claim brought by a former civil servant,' and under *Zuniga* the Commission has no jurisdiction over such a wage claim because neither the charter nor Civil Service Rules vest such jurisdiction." (*Id.* at p. 401, quoting *Zuniga, supra,* 137 Cal.App.4th at p. 1259.)

Relying on both *Zuniga* and *Latham,* in *Monsivaiz v. Los Angeles County Civil Service Com.* (2015) 236 Cal.App.4th 236 (*Monsivaiz*), the Court of Appeal held that an employee's death divested the Los Angeles County Civil Service Commission of jurisdiction over the employee's discharge appeal. There, a Los Angeles County employee appealed his discharge to the commission, which upheld the discharge. (*Id.* at p. 238.) The employee then filed a petition for writ of mandate challenging the commission's decision but died while his writ proceeding was pending. (*Ibid.*)

The Court of Appeal affirmed the trial court's dismissal of the writ petition. It concluded that "the Commission has authority to act as an appellate body in very narrow circumstances related to appeals by employees (or applicants for employment) of discrimination claims, or appeals by employees regarding 'discharges and reductions.' Under the Commission's rules (codified in the L.A. County Mun. Code, tit. 5, appen. 1), rule 2.24 defines employee as 'any person holding a position in the classified service of the county. It includes officers.' A

9

deceased former employee does not fit within the description of 'employee' under the Commission's rules." (*Monsivaiz, supra,* 236 Cal.App.4th at pp. 240–241.) The court further explained that the "logic of *Zuniga* and *Latham* applies with equal force here. Even more than the voluntary act of retiring or resigning from service, the death of a former employee prevents restoration of employment with the county. And, the Commission can only resolve a claim for backpay in connection with the restoration of an employee to service." (*Id.* at p. 241.)

Most recently, in *Deiro, supra,* 56 Cal.App.5th 925, the Court of Appeal examined the *Zuniga* line of cases in the context of a disability retirement. There, a deputy sheriff of Los Angeles County applied for a disability retirement, but the sheriff's department discharged him before his retirement was approved. (*Id.* at pp. 927–928.) Following his appeal of the discharge to the Los Angeles County Civil Service Commission, the deputy's disability retirement was granted. (*Id.* at p. 928.) The sheriff's department then moved to dismiss the deputy's appeal, contending that the deputy's disability retirement deprived the commission of jurisdiction over the appeal. (*Ibid.*) The commission granted the sheriff's department's motion and dismissed the appeal. (*Ibid.*)

Affirming the trial court's denial of the deputy's petition for writ of mandate, the Court of Appeal explained that the "essence of the *Zuniga/Latham* rule is that a plaintiff's future status as an employee is not at issue after he has retired. In the ordinary case, this is just as true of disability retirees as it is of retirees who choose to retire" after their years of service. (*Deiro, supra,* 56 Cal.App.5th at p. 934.) "As in any other retirement case, only

10

a wage claim remains, over which the charter gives the commission no authority." (*Ibid*.)

## III.  *Zuniga* **applies to the present case**

We have little trouble concluding that the *Zuniga* line of cases applies here.  As Thompson admits in her writ petition, she withdrew her discharge appeal from the Commission to "sever her employment with the Sheriff's Department."  Because Thompson's return to service with the Department was thus no longer at issue, the only issue remaining before the Commission was her entitlement to backpay for the period of her allegedly wrongful suspension.  As *Zuniga* and the cases following it have held, the Commission does not have jurisdiction over backpay claims by former employees whose future employment is no longer at issue.

Nevertheless, Thompson argues that we should not follow *Zuniga* for several reasons.  We address each contention in turn.

First, she contends *Zuniga* failed to account for section 35(6) of the Los Angeles County Charter, which states that the rules of the Los Angeles County Civil Service System shall "provide for: . . . 'Civil Service Commission hearings on appeals of discharges and *reductions* of permanent employees.' " (Italics added.)  According to Thompson, her suspension was tantamount to a "reduction" and thus provided a basis for her appeal to the Commission.

We disagree.  In *Berumen v. Los Angeles Dept. of Health Services* (2007) 152 Cal.App.4th 372, 374 (*Berumen*), the Court of Appeal rejected the argument that the Los Angeles County Civil Service Commission had jurisdiction over an employee's claim that she was subjected to a " 'constructive' or 'de facto' demotion" even though her title and salary remained the same.  The court

11

explained that the Los Angeles County Civil Service Rules state that " ' "[r]eduction" and "demotion" are synonymous.' Each is defined as 'a lowering in rank or grade.' "[2] (*Berumen*, at p. 377, quoting Rule 2.17.) Because "[d]emotion is defined as a reduction in grade or rank, nothing more and nothing less," the court ruled that the employee's claim was "simply not authorized by the civil service rules." (*Id.* at p. 378.)

Based on *Berumen*, we are unpersuaded by Thompson's attempt to liken her unpaid suspension to a "reduction." Thompson was not lowered in rank or grade in connection with her suspension, and thus cannot meet the definition of "reduction" under the applicable civil service rules. (See *Berumen, supra,* 152 Cal.App.4th at pp. 377–378.) Nor has Thompson cited any pertinent authority supporting the conclusion that we should construe her suspension as a "reduction" even though she was not lowered in rank or grade.[3]

---

[2] "Grade 'as it pertains to classification, means one salary range.' (L.A. County Civ. Service Rules, rule 2.27.) Rank 'as it pertains to classification, means the level of difficulty and responsibility of a class.' (L.A. County Civ. Service Rules, rule 2.46.)" (*Berumen, supra,* 152 Cal.App.4th at p. 377.)

[3] Thompson points out that Rule 18.02, titled "Discharge or Reduction," states that "[a] permanent employee . . . may be discharged from county service or reduced in rank or *compensation* . . . ." (Rule 18.02(a), italics added.) Thompson argues that because Rule 18.02 mentions a reduction in "compensation," we should construe her unpaid suspension, which resulted in a loss of pay, as a "reduction." We are not convinced that the reference to a reduction in "compensation" in Rule 18.02 was intended to expand or alter the definition of

We thus need not reach the Department's argument that, regardless of whether Thompson was suspended or suffered a "reduction," under *Zuniga* the Commission had no jurisdiction once she withdrew her discharge appeal.

Thompson next contends that "*Zuniga* and the cases that follow it do not deal with the fact that a discharged employee who appeals the discharge [is] not an employee when that appeal is made to the Commission." But, as Thompson acknowledges, the Los Angeles County Charter states that the "Rules of the Civil Service shall provide for: . . . Civil Service Commission hearings on appeals of *discharges* and reductions of permanent employees." (Los Angeles County Charter, Art. IX, § 35(6), italics added.) The Los Angeles County Charter thus expressly authorizes appeals to the Commission in the case of discharges, satisfying the rule described in *Zuniga* that a " 'civil service commission created by charter has only the special and limited jurisdiction expressly authorized by the charter.' " (*Zuniga*, *supra*, 137 Cal.App.4th at p. 1259.) Thompson does not direct us to any similar provision in the Los Angeles County Charter expressly authorizing an appeal of a suspension by a former employee.

Thompson also urges us to abandon *Zuniga* and its progeny in favor of *Hughes v. County of San Bernardino* (2016) 244 Cal.App.4th 542 (*Hughes*). There, after the County of San

"reduction" in Rule 2.49, i.e., a "lowering in rank or grade." (Rule 2.49 [" 'Reduction' means a lowering in rank or grade . . . . 'Reduction' and 'demotion' are synonymous."]; see also *id.,* Rule 2.00 ["Unless otherwise required by context, words used in these Rules are understood to have the following special meanings as set out in Rules 2.01 through 2.58."].)

Bernardino imposed an unpaid suspension on a deputy sheriff, the deputy appealed the suspension to the San Bernardino County Civil Service Commission. (*Id.* at pp. 544–545.) Before the commission proceedings concluded, the deputy retired. (*Id.* at p. 545.) The commission then dismissed the deputy's suspension appeal. (*Ibid.*)

On appeal from the denial of the deputy's petition for writ of mandate, the Court of Appeal concluded that the commission retained jurisdiction over the deputy's appeal after his retirement. After discussing several cases, including *Zuniga* and *Latham*, the court focused on the applicable San Bernardino County personnel rules to determine whether the commission lost jurisdiction after the deputy's retirement. (See *Hughes*, *supra*, 244 Cal.App.4th at pp. 550–551.) It concluded that the applicable rules "do not provide that the [civil service commission's] jurisdiction over the appeal of an adverse personnel action, once triggered by an employee's proper invocation of this right to appeal, is withdrawn when the employee leaves employment." (*Id.* at p. 553.) Additionally, the court stressed the "unfairness of implying such a rule in the absence of a specific provision" in the applicable personnel rules. (*Ibid.*)

Thompson contends that we should follow the reasoning of *Hughes*, arguing that there is no specific provision in the Los Angeles County Charter or civil service rules that deprives the Commission of jurisdiction over a suspension appeal upon the resignation of an employee. However, *Hughes* concerned San Bernardino County's personnel rules, not the civil service rules or charter provisions of Los Angeles County. As at least one case

14

has concluded, that is reason enough for us not to follow *Hughes*.[4] (See *Deiro, supra,* 56 Cal.App.5th at p. 934, fn. 2 [applying *Zuniga* to dispute involving Los Angeles County Civil Service Commission and distinguishing *Hughes*, noting the "*Zuniga* line of cases concern the Los Angeles County charter and civil service rules, not the San Bernardino County personnel rules"].) That *Zuniga* has been consistently followed by the courts in our District only strengthens our decision to adhere to it. (See *Latham, supra,* 180 Cal.App.4th at p. 401 [stating that *Zuniga* stands for a "bright-line proposition"]; see also *Deiro,* at p. 930 [same].)

Finally, Thompson contends that the absence of any post-deprivation process, i.e., a hearing to challenge her unpaid suspension, fails to satisfy the requirements of due process. She relies on *Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (9th Cir. 2011) 648 F.3d 986 (*ALADS*).

In *ALADS*, four Los Angeles County deputy sheriffs were charged with felonies and later suspended without pay; they each appealed their suspensions to the Los Angeles County Civil Service Commission. (*ALADS, supra,* 648 F.3d at p. 990.) Before

---

[4] Thompson states that "[t]he *Hughes* court acknowledged that it was examining language in the personnel rules that differed from that in *Zuniga*, but a review of the language in both cases shows a remarkable similarity." Despite making that claim, Thompson fails to cite any specific provisions, either in the San Bernardino County personnel rules or the Los Angeles County Civil Service Rules, that support her claim of "remarkable similarity." We therefore do not analyze that contention. (See *Dills v. Redwood Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1 ["We will not develop the appellants' arguments for them"].)

15

the commission resolved their suspension appeals, the sheriff's department discharged the deputies based in part on the allegations underlying the criminal charges; the deputies also appealed their discharges to the commission. (*Ibid*.) Two of the deputies, Wilkinson and Sherr, were granted disability retirement before commission proceedings ended. (*Ibid*.) The commission then dismissed the appeals of Wilkinson and Sherr, and they never received a post-suspension hearing. (*Ibid*.) Wilkinson and Sherr, along with the two other deputies, then sued Los Angeles County, the Los Angeles County Board of Supervisors, the commission, and the Los Angeles County Sheriff under 42 United States Code section 1983 alleging violations of their due process rights. (*ALADS*, at p. 900.)

On appeal from the dismissal of their complaint, the Ninth Circuit reversed in part. Finding it undisputed that the deputies had a constitutionally protected property interest in continued employment, the court concluded that they could not "be deprived of that employment without due process of law." (*ALADS*, *supra*, 648 F.3d at p. 991.) The court further held that "due process requires that [the deputies] receive post-suspension hearings in addition to the limited procedures they received before their suspensions."[5] (*Id*. at p. 992.)

Relevant here, the Ninth Circuit determined that the district court's reliance on *Zuniga* in dismissing the complaint was partially misplaced. While recognizing that "*Zuniga* held

_____

[5] The court found that the pre-suspension process described in the complaint "consisted of nothing more than a determination that felony charges had been filed, without any inquiry into the veracity of the allegations underlying those charges." (*ALADS*, *supra*, 648 F.3d at p. 992.)

that the Commission lacks jurisdiction to hear appeals from retired employees," the court concluded that "the fact that the Commission is precluded from hearing Wilkinson's and Sherr's appeals does not remove the County's constitutional obligation to provide some form of post-suspension hearings." (*ALADS*, *supra*, 648 F.3d. at p. 993, fn. omitted.) As the court emphasized, the "issue is not whether the Commission had jurisdiction, but whether Wilkinson and Sherr received sufficient post-suspension process to satisfy constitutional requirements." (*Ibid*.)

The court applied similar reasoning in addressing the defendants' qualified immunity defenses. The Ninth Circuit agreed "with the district court as to the individually named Civil Service Commissioners, who after *Zuniga* had no authority to hear Wilkinson's and Sherr's appeals. [Citation.] But *Zuniga* does not protect the County Supervisors and the Sheriff." (*ALADS*, *supra*, 648 F.3d at p. 997.) As to those defendants, the court found that a reasonable official in their position "should have concluded that, because the Commission was stripped by the state appellate court of its ability to adjudicate the suspensions of retired employees, those suspensions would be constitutionally suspect." (*Ibid*.)

Thompson contends that, like the deputies in *ALADS*, she "has not received any post-suspension process to satisfy constitutional requirements." According to Thompson, the "question isn't whether the Commission lacked jurisdiction," but instead "whether she was provided with the necessary due process."

We see it differently—the issue here *is* the scope of the Commission's jurisdiction. Indeed, Thompson's petition for writ of mandate sought "an order . . . compelling *the Commission* to

17

grant her right under the law to appeal the suspension and loss of pay." (Italics added.) Her brief in support of the petition for writ of mandate asked for the same relief, i.e., it sought an order "commanding . . . Respondent *Civil Service Commission* to set aside its decision denying [Thompson's] appeal, and to set the matter for hearing . . . ." (Italics added.) Thompson's brief on appeal continues her focus on the Commission's jurisdiction, describing the question presented here as follows: "Did the . . . *Commission lose jurisdiction* of [Thompson's] appeal of her Rule 18.01 suspension when she separated from the Sheriff's Department prior to the appeal hearing?" (Italics added.)

Hence, on the issue Thompson pursues, *ALADS* is unhelpful to her: It repeatedly recognized the continued validity of *Zuniga* for purposes of determining the Commission's jurisdiction. (See *ALADS*, *supra*, 648 F.3d at p. 993 ["*Zuniga* held that the Commission lacks jurisdiction to hear appeals from retired employees."]; *id*. at p. 997 [agreeing with the district court that qualified immunity applied "to the individually named Civil Service Commissioners, who after *Zuniga* had no authority to hear Wilkinson's and Sherr's appeals."].) Whether Thompson can state a claim for deprivation of due process, as did the plaintiffs in *ALADS*, is not before us.[6]

---

[6] To be sure, *ALADS* held that the Commission's lack of jurisdiction over the deputies' suspension appeals did not absolve *other* Los Angeles County defendants—there, the Sheriff and Supervisors—of their obligation to provide the deputies with adequate post-suspension hearings. (*ALADS*, *supra*, 648 F.3d at p. 997.) We need not address whether, as a matter of due process, Los Angeles County, the Department, or some other County entity is required to provide Thompson with a post-

We thus conclude that the Commission correctly dismissed Thompson's suspension appeal after she withdrew her discharge appeal, which left the Commission without jurisdiction under the circumstances presented here.[7]

---

deprivation hearing where she can challenge her unpaid suspension. As noted, both in the trial court and on appeal Thompson's focus was on requiring *the Commission* to hold such a hearing. Hence, we also need not address the Department's arguments that Thompson failed to establish a due process violation here, or that her due process claim is undermined by her purported failure to exhaust other available remedies.

[7] Because we affirm the judgment for the reasons stated herein, we do not address the Department's alternative basis for affirming the judgment, namely, that Thompson failed to file a government claim.

## DISPOSITION

The judgment is affirmed.  The Department shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

EGERTON, J.

BENKE, J.*

---

\*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

20